UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | 1:06-CR-0360-VEH-JEO |
| TAREYTON ERIC ERVIN ) | |

**MEMORANDUM OF OPINION REGARDING ORDER
DENYING MOTION TO REDUCE TERM OF IMPRISONMENT**

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion, on February 28, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became

effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #107) of Tareyton Eric Ervin to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 60-months sentence imposed upon movant under Count One. This defendant was found guilty of these charges following a jury verdict. At the time the defendant was sentenced, he was attributed with an offense involving 26.5 grams of crack cocaine.

The following chart sets forth the application of the crack amendment to the instant case:

---

[1] At this point, the crack amendment had no retroactive application.

|  | <u>Original Sentence</u> | <u>Retroactive Sentence Adjustment</u> |
|---|---|---|
| **Total Offense Level** | 28 | 26 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 87 - 108 months | 70 - 87 months |
| **Fine Range** |  |  |
| **Departure** | N/A |  |
| **Sentence Imposed** | `After considering the factors at 18 U.S.C.§ 3553(a), the court varied downward from the guideline range to the statutory minimum.` | `No further reduction authorized` |
| **Rule 35(b)/Remand** |  |  |
| **Designated Institution** | FCI Talladega |  |
| **Institutional Adjustment** |  |  |
| **Projected Release Date** | 7/16/2011 |  |

Pursuant to U.S.S.G § 1B1.10 (b)[2], this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The movant was sentenced to the minimum mandatory penalty found at 21 U.S.C. § 841 (b)(1)(B) based on the decision of the court to vary from the guidelines range based on factors at 18 U.S.C. § 3553(a). Since the

---

[2]U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) reads as follows: <u>In General</u>.- Except as provided in subdivision (B), the court shall <u>not</u> reduce the defendant's term of imprisonment <u>under 18 U.S.C. § 3582(c) and this policy statement to a term that is less than the minimum of the amended guideline range</u> determined under subdivision (1) of this subsection. Emphasis added.

Crack Amendment did not and could not have any effect on the statutory minimum sentence set by Congress, the movant is not entitled to consideration under the Crack Amendment.

**DONE** and **ORDERED** this the 8th day of April 2008.

 

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P*. 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.